is Endris versus Endris. Is that right? Oh, 9-4 39. Mr. Franklin. Yeah. Your Honor, the forest today is a case that was initiated with petition for disillusioned marriage. I believe the issues before the court, whether or not trial court discretion in the division of property and the award of permanent maintenance to even boil that issue down further. I think it is. The issue really is whether or not trial court was fair and equitable in regard to the division of marital property. Uh, the trial judge being one statement, I think, is very, uh, enlightening here that this was a couple of modest means. They're not rich people, but the division of property, the wife received in excess of $190,000 marital property that did not exceed over 100 or $250,000. The wife received a marital residence and her 401 K that amount to 112,000. The wife is correct. That is not exactly 75%. Uh, I believe the husband received 600 excuse me, $65,514.60, which would be approximately the wife receiving 74.4% of the marital property. I will admit the trial court did not have to give an equal division, but the statute still requires that a just proportionate, a just apportionment be made. Uh, the statute, uh, in question is 7 50 ILCS five slanted bar 503 D. I will address each pertinent point and not the others unless the court directs me to. The first provision of that statute is the court must look at the contribution of each party. Well, they both worked. They both contributed to the marriage. The wife worked, she did take care of the home and the wife did take care of the finances. The husband did earn more than the wife. That's how this couple of modest means were able to secure a home with no mortgage and that kind of a retirement account. Dissipation. Uh, the wife argues was a major factor in this case. I will admit my client did, uh, in testimony to trial court state that he spent approximately or less than $1,600 on his girlfriend. My client also testified that the girlfriend actually paid him back that money. The wife further argued in her brief that the husband was making even more the year before this divorce. I believe the court found that at the time of the divorce, my client was made. The husband was making approximately $52,000 a year. The year before he had made $61,000 per year. The wife argues that since the wife was making that much more earlier, where did it all go? The problem, the wife had charge of the finances in this, in this marriage. It wasn't until the dissolution of marriage was filed that the party separated in this case. Uh, there was also evidence that the husband probably drank too much alcohol, but there was no connection between the consumption of alcohol and the dissipation that was proven or established at trial. The next factor of the statute is the property assigned to each spouse. The wife should have gotten the marital residence in this case. She did make far less or less than the husband. However, the trial judge found that later on in the maintenance, and I don't mean to, to commingle arguments here, but the trial judge found that the wife didn't get, uh, the income producing assets since the retirement in the house. Uh, I beg to differ with the trial judge that that house was an income saving asset that was given to the wife. When you couple that house with the wife receiving the 401k of $112,000, I believe the trial court gave the wife a windfall in this case. The next factor to take into consideration is the duration of the marriage. Again, the duration of the marriage would point to the fact that the wife should have received the marital residence, but the husband put 30 years into this marriage also and should receive a positive benefit for those years. Keep in mind that the only child of the marriage was 26 years old and self-sufficient at the time of the dissolution. The next factor is the economic circumstances after division, including, and I think this is important, the right to live in the home for a reasonable period to the custodial parent who's awarded a minor child. Excuse me. Here, the wife had no minor child to keep in that marital residence. She had the marital residence to go into her retirement. That's why the residence was such a huge benefit. There is no stimulus as a result of this trial court's decision for the wife to be fruit. She has the assets and the maintenance to spend. The wife has argued that the husband's only debt is his house and $3,000. The husband testified that that house that he's currently buying now costs him $1,000 a month and he doesn't have the assets to pay for it. Again, he put 30 years into this marriage and he should receive some kind of a benefit. Subparagraph 8 deals with age, health, etc., but goes back to the amount and sources of income. Again, I admit, the husband makes more money, but the house is what balances this situation. The next factor is whether apportionment is in lieu of or in addition to maintenance. The wife never should have gotten her entire retirement. That was the largest asset of the marriage. Over a third, excuse me, the wife's retirement was over a third of the total marital property. She got that, the house, and maintenance, which is not fair and equitable. The last factor is each spouse's reasonable opportunity for future capital assets and income. Yes, the husband, again, has probably the greater ability for income, but the wife should not receive 74.4% of the marital assets. The other issue brought in the appeal today is whether or not the trial court abused its discretion in its award of permanent maintenance. The controlling statute is 750 ILCS 5 slandered bar 504. Again, I will only hit on the pertinent factors of that statute. The first being the income and property to each spouse. Although the husband makes twice what the wife does, the trial judge gave the wife three times the marital property. The Illinois Supreme Court, in a case signed in my brief, Ashwandan, basically failed. If there are sufficient marital property, maintenance may be unnecessary in a case. And I believe the whole purpose of the Illinois Disillusioned Marriage Act is to get people back on their feet, to give them a better life. Not to sit back and let things come to them. In another fourth district case, Brachowitz cited, maintenance should mainly be reserved for circumstances of necessity. Those circumstances were not here. Ideally, the trial court wants to maintain the standpoint, you can't take one household with two people in it, divide it into two households and make it cheaper with the same amount of money here. The next part of the statute is the needs of the parties. At the time of the trial, the wife was paying $450 per month on her vehicle, her car. Once that car is paid off, that's $500 a month she will have, or $450 a month she will have free and clear that she did not have during the marriage. The trial judge really gave her a better standard of living. The fifth district has also held that with a permanent maintenance award, there is no incentive for the wife to try to better herself. That's the Gearlock case that's not cited in my brief. It's G-I-R-R-U-L-A-T-219-ILF-3-164, and I apologize for that case not being there, that basically holds that the trial court should make or place an incentive for the wife to better herself. Here, the wife shouldn't have gotten the permanent maintenance because there is no incentive. Ironically, the Gearlock case was a Christian County case. I represented the husband at the trial court and opposing counsel father's, Mr. Fonbell's father represented the opposing party. The next factor in the maintenance is the present and future earning capacities of each party. Again, the husband makes more, there's no doubt about it, but the trial court should not have made it permanent maintenance, should not have awarded it forever. There should have been at least a review date. The next factor is, is there any impairment in earning ability? The wife no longer has the domestic duties of a minor child at home. The child was 26 at the  time. The next factor is whether the wife was able to support herself from her employment. Definitely, she would be able to support herself once that car is paid, especially here. Again, the standard of living, my argument to the court is that the trial court's ruling gave the wife not only the standard of living she had during the marriage, but even a better one. Is it your understanding that if your client a year from now was laid off through no fault of his own and had no source of income, that he could not have this award modified? No, I believe a substantial change in circumstances would be the criteria for amending the award of maintenance. So when we use the word permanent, it is until there is a change in circumstances. I would agree with that statement. Okay. Thank you. On the other hand, the Geerlach case made the point that since there is no incentive for the wife to get better, that substantial change of circumstances may be a very high hurdle for the husband to achieve, especially when the $500 a month was going to $450 a month for the car payment that was no longer owed. The last factor under maintenance is the duration of the marriage, which was a fairly long period of time, 30 years. However, that 30 years entitles my client to some positive benefits also, and not such a windfall to the wife. For all those reasons, I would ask this court to reverse the decision of the trial court hearing. Thank you. Thank you, counsel. Bombel. May it please the court. I'm not going to go down through my brief. I'm not gonna go down through the statues piece by piece. I've already done that. I would hit on what I think are some highlights of this case. First of all, if you want to respond to the case that opposing counsel brought up, you've got 10 days. You can submit any response to that case. You want to amend your brief or supplement it or something, okay? 10 days? Yes. Thank you. You're not required to comment on it, but if you do want to comment on it, feel free to do that. Okay. I just want to hit on some things. My client's memorandum of judgment did a painstakingly thorough job of going through the statute, going through the evidence, and giving a reason why he decided as he did. There is no doubt that an equitable division of property doesn't have to be equal, and this was not equal here. My client was married 30 years. My client worked at People's Bank for 30 years. Not only that, she had another full-time job, and that was raising their only son and doing all the household duties, the cooking, the cleaning, the washing, the laundry, and the accounting. That was a big burden. There's no doubt she contributed greatly to the acquisition of assets in this case. Did the husband do anything around the house? Like cut the yard, fix it, do painting, fix anything? Did he do anything? My recollection of the evidence in this case is that my client did all the household work. There was no testimony as to the outdoor work. It's the way I remember it, so I don't have an answer. So there was no testimony as to what he did? I don't believe there was. Okay, because I don't have the reference. Okay, I don't believe there was. Okay, thank you. The couple did enjoy a modest standard of living, and those people now are still enjoying that. If you look at the record and look at the briefs, my client is living in a marital residence worth $60,000. That is paid for. Mr. Andrews, on the other hand, is living in a $100,000 home in Decatur. He testified at trial that all his bills were current. In addition to that, by his financial affidavit, which the court took into consideration, he had a surplus after his bills were paid at the end of the month of $1,100. Now of this, that's like going to Vegas and coming home in a $40,000 bus. But I mean, is the $100,000 home paid for? Is he in equity? No. What's the equity? Is it $60,000 equity in that home? No. It's my understanding it is full debt. I believe that's in his financial affidavit. My memory may be wrong, but I believe so. Needless to say, though, he is living in a nice home. He was current, at least at the trial, on his monthly expenses. What the court did with maintenance is just look at that and say, we're going to equalize the income here. She is living modestly, and she's a frugal person. Once that car is paid for, well, she had no extra income to contribute any more to a, continue to contribute to a retirement plan or plan for vacations or that like. Mr. Franklin indicates that once this vehicle is paid for, she will have a windfall. We all know how vehicles depreciate, and it always seems like we need to get a new one. So she's not going to be able to drive this at age 49 probably now. She was 48 at the time of trial. She's not going to be able to drive this for the rest of her life. I'd also like to, and I know I am jumping around a bit from 504 to 503B, and maybe I shouldn't do that, but I'm looking at some of the argument of appellant, and I'm trying to counteract that instead of go through the dissipation, if you will, as I wanted to. He indicates that a major factor in my brief was dissipation. I don't believe that that was a major factor. I think that was just one of the factors in 503B that the court considered. He also said he had a total amount of the dissipation, 1,500 to 1,600, was really inconsequential. I think if you look at the record, he was spending $30, and this was from his bank statements, he was spending $30 roughly to $40, I'm not going to say every night, but numerous times per week going out drinking at taverns, and that point in and of itself shows that he has the ability to pay for his bills and enjoy a lifestyle that at least lets him do what he wants to do. He has excess money. In any event, the one other point I want to make is when Mr. Franklin talks about the dead-end job, the job that she has, she says she can't sit back and not further herself, make herself better. That's not what maintenance and the definition is. We want people to be able to support themselves, and that's true. Counsel, the trial judge put dissipation in quotes in its order there. Look in your appendix A-10. The court recognizes that this is not a mathematically equal division, however, in its discretion, and after consideration of the disparate earning capacity of the parties, comma, the quote, dissipation, end quote. Why would he put that in quotes? Is he meaning that not dissipation in the traditional sense, but is he trying to bring some fault into the justification for his unequal? No, I don't believe so, Your Honor. I do not believe he's trying to bring fault in that. I think, and I don't know why it's in quotes. I don't know that. As I remember the testimony, however, we talked about dissipation. The reason I ask that, normally dissipation is for a fixed amount, and then you offset that right off the bat. That is correct. And then you make your division, and that's not, that wasn't the analysis that he used. There were some amounts of dissipation, buying clothing, that type of thing, female clothing, and I could see that in a visa receipt or a statement, that type of thing. But it was the day-to-day dissipation of going through the bars and spending, and he would write a check, actually write a check to these taverns in Decatur, $30 a night, and I went through, and I'm sure the judge, the trial judge. I mean, don't you, getting back to my regular question, don't you normally, when you're factoring in dissipation of the assets, don't you have to list them and add it up and then deduct it? That wasn't done in this particular case. So I'm trying to find out what the word dissipation in quotes, how that fits into his thought process or his judgment. I don't have the answer to that. I don't have the answer to that. I can't read, I can't read into that. I mean, it seems like he could be saying, using that as some type of fault that he went out and spent money at taverns and on his girlfriend or what have you. I know as an attorney, when I was preparing for this trial, I couldn't come to a complete figure, and I think it's even in, well, in the decision when he says, you know, although I didn't have a specific figure, I could come to a certain figure, but this continuous three and four nights, I couldn't, I could not add and subtract everything and give a specific sum that needed to be added back into the marital estate. In any event, getting back to the comment about making herself better, sitting back, she's 48 years old, she's been working at People's Bank for 30 years, and she's in a dead-end job, and I think the court realized that. She forwent any further education that she could have done years back when she was, one, working in her job at People's Bank and raising the child. I think that is a huge contribution. So I disagree with the terminology of sitting back. I think the court in this case fashioned a judgment that allows both parties, that allows both parties to enjoy the standard of living that they enjoyed during the marriage. Obviously, my client's living in the former marital residence, so that's hard to argue that she's not living in the same standard. I think she's identical. I think that he also is living in the same standard of living. He has surplus income, and that's why there was the maintenance award. Permanent maintenance. Maintenance is always reviewable. I don't think there needs to be. This case, if any case, I think is a case for permanent maintenance. It's not like the court gave her a huge amount of maintenance. It's $500 per month, and that was the surplus, half of the surplus that he earned per month. And his job was what? He works at All Tri-R, and that is a company that basically contracts with Archer Daniels Midland in Decatur, and I don't know specifically what he did. I don't know what his specific trade was, but All Tri-R, he worked there for 12 or 13 years. He has a much better opportunity for advancement, accumulation in the future, and my client does. I think the court, in its memorandum decision, went through all the factors, addressed the factors in both 504.3 with regard to distribution of property, as well as 504 the maintenance issue, and came to an equal amount of the assets, but a fair and equitable one. I don't think we can put the judgment of the appellate court in place of the trial court here. I think it's not an abuse of discretion. I think his memorandum of judgment was clear. I think it was very well thought out, and I would request that the court affirm Judge Paisley's ruling. Thank you, counsel. Any rebuttal? Mr. Franklin, please. Your Honor, your question about dissipation, I would love to step in that bear trap. I would love to grab that lure and just take off as fast as I could. The reason I say that is because I can't prove or give you a good explanation of what Judge Paisley meant by quote, dissipation, end quote here. I mean, my client had a girlfriend, there's no doubt about it. My client drank too much alcohol, there's no doubt about it. But there is no connections here. Mr. Fonmel did state that my client spent money at bars, that my client bought a $100,000 house. However, what is my client supposed to do after a divorce? Live in a shoebox or live in some halfway shelter so that he can provide for his ex-wife? He has to buy a house. He has to keep on living his life. And the law is abundant with the fact that there are legal decisions, there are legal right and wrongs, and there are moral right and wrongs. My client's morals should not be on trial here. The legal issues are, if there was dissipation, then subtract it off the top. Maybe it wasn't subtracted off the top because the girlfriend is actually how my client, the husband, is able to survive here. There was testimony that the girlfriend was a first-time home buyer and got all the tax benefits that put them in that house. The house that the wife got was worth $60,000. No mortgage, total equity. It was hers. The trial judge said she got assets that were not income producing. Well, my argument to this court is, you can make income two ways. You can earn it or you can save it. By giving her the marital residence, she had no rent, she had no mortgage. Finally, the trial court's decision was not fair. It was not equitable. The trial court should have granted the marital residence to the house for the duration of the marriage and her job, the situation she was in. The rest of the assets should have been split 50-50. I would argue before you that no maintenance should have been awarded, but if maintenance would have been awarded, there should have been a review date. That's it. Thank you. Thank you, gentlemen, for your arguments and briefs. We'll take them at our own advisement and get back to you in due course.